IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUDY J. HEMPHILL, <br> 10730 HASKINS COURT <br> LENEXA, KANSAS 66210 <br><br><br> Plaintiff, <br><br> vs. <br><br> BEAUTY BRANDS, INC., <br> 4600 MADISON AVE, SUITE 400 <br> KANSAS CITY, MISSOURI 64112 <br><br> Defendant. <br> Serve: <br> REGISTERED AGENT KANSAS, LTD. <br> 10851 MASTIN BLVD. SUITE 1000 <br> OVERLAND PARK, KS 66210 | Case No. 10-CV-2580 JAR/KGG <br><br> **COMPLAINT** |

Melanie Fitch

**COMES NOW** Plaintiff, Mrs. Judy J. Hemphill ("Plaintiff") and for her causes of action against Defendant, states as follows:

### JURISDICTION AND VENUE.

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5(f)(1) and 2117. The matter in controversy arises under an act of Congress regulating commerce and relating to discrimination under the American with Disabilities Act.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391, in that, plaintiff is a resident of this district and defendant is doing business in this district, and the activities giving rise to the plaintiff's claims took place in this district.

1

3. Plaintiff brings this action under the American with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended.

4. Plaintiff brings this action under the Kansas Act Against Discrimination, K.S.A. 44-1009.

5. Plaintiff brings this action under the Age Discrimination in Employment Act (ADEA)

6. Plaintiff brings this action under the Kansas Age Discrimination in Employment Act, K.S.A. 44, Art. 11, subsection 44-1113.

7. All conditions precedent to the filing of this action have been met by plaintiff, in that, she has timely filed a complaint with the Equal Opportunity Commission and the Kansas Human Rights Commission.

## PARTIES

8. Plaintiff was born on ▇▇▇▇▇ 1951 and is a citizen and resident of the state of Kansas.

9. Defendant is a Missouri for-profit corporation licensed to do business in state of Kansas.

10. Defendant does business in the State of Kansas, which lies within the Federal District Court for the District of Kansas. All acts complained of took place within the Federal District Court for the District of Kansas.

## FACTS

11. Plaintiff was employed by defendant from May 17, 2008 to March 6, 2010. Plaintiff was terminated from her employment by defendant on March 6, 2010.

12. At all times, plaintiff was employed as a hair stylist.

13. At the time of Plaintiff's hire and throughout the entire period of her employment by defendant, plaintiff suffered from arthritis in her spine.

14. Plaintiff's arthritis did not become an issue until late 2009 when defendant changed plaintiff's job duties to include sweeping and mopping the entire salon floor.

15. Prior to February 2010, plaintiff was not required to sweep/or mop the entire salon floor, but did sweep and mop around her personal station.

16. At all times, plaintiff was able to sweep around her personal station.

17. Plaintiff is unable to sweep and/or mop the entire salon floor due to her disability of arthritis in her spine.

18. Prior to February of 2010, plaintiff was not regularly assigned the task of sweeping and mopping the entire salon floor.

19. On or about February 17, 2010, plaintiff was told by her supervisor, Melanie Fitch, that plaintiff needed a note from her doctor stating that she was unable to sweep or mop the entire salon floor due to her disability.

20. Plaintiff complied with Ms. Fitch's request and obtained and submitted to Ms. Fitch a note from plaintiff's personal doctor stating that plaintiff was unable to sweep or mop due to her disability.

21. Upon receipt of said note, Ms. Fitch informed plaintiff that she was fired because she was unable to perform the job of a hairstylist (sweeping/mopping the entire salon floor).

22. Defendant and Ms. Fitch ignored the fact that plaintiff had been performing the job of a hairstylist at defendant's business since May of 2008, which at that time did not include sweeping or mopping the entire salon floor.

23. Plaintiff was told by Ms. Fitch that on account of the way the doctor's note was written the doctor's note implied that plaintiff could not perform any sweeping, therefore plaintiff was being terminated.

24. Plaintiff explained that the doctor's note was meant to state that she could not sweep the entire salon floor and that she could sweep the area around her station as she had been doing.

25. Plaintiff offered to obtain a clearer doctors note indicating that she was able to sweep her personal station as she had been doing since May of 2008.

26. Melanie Fitch told plaintiff that the decision had already been made and another doctor's note would not prevent her termination.

27. Plaintiff obtained a second doctor's note and submitted the same to defendant. The second note clarified that plaintiff could sweep the immediate area of her station, but she could not sweep the entire salon floor.

28. Plaintiff was able and willing to perform all of the essential duties of a hairstylist.

29. Plaintiff was terminated because of her disability.

30. Prior to plaintiff's termination, defendant had an open hair stylist position for which plaintiff was qualified and could perform the essential job functions.

31. Defendant failed to offer any reasonable accommodations to plaintiff, and doing so would not have caused significant difficulty or expense to defendant.

32. As a result of defendant's actions and its discrimination against her, she has suffered and endured humiliation, damage to her reputation, mental and emotional distress, pain and suffering, and lost wages and economic opportunities.

33. Defendant regarded plaintiff as permanently disabled and plaintiff was terminated because she was permanently disabled.

34. Defendant's termination of plaintiff was wanton, reckless, malicious and done in a conscious disregard with the rights of plaintiff.

35. During her employment Plaintiff was discriminated against because of her age and younger hairstylists were given preferential treatment.

36. Plaintiff was replaced by a younger hair stylist.

37. Plaintiff is a female individual who, at all relevant times herein, resided in Johnson County, Kansas, which is located within the geographic boundaries of the United States District Court, District of Kansas.

## COUNTS I & II
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND KANSAS ACT AGAINST DISCRIMINATION

38. Plaintiff adopts, re-alleges, and incorporates as if fully restated herein the allegations contained in paragraphs 1 through 35.

39. Defendant employs more than four persons.

40. Plaintiff had a disability as defined by 42 U.S.C. § 12102(2) and K.SA. 44-1002(i).

41. At all times plaintiff was able to perform the essential job duties of a hairstylist.

42. Defendant failed to offer or provide a reasonable accommodation.

43. A reasonable accommodation would not have been difficult, expensive or an undue hardship to defendant.

44. Defendant terminated plaintiff's employment because of her disability.

45. Defendant's discriminatory practices were done with malice or with reckless indifference to the federally and state protected rights of plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in her favor for compensatory and punitive damages, attorney fees and costs, and any further relief deemed fair and just under the circumstances.

## COUNTS III AND IV
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE KANSAS AGE DISCRIMINATION IN EMPLOYMENT ACT

46. Plaintiff adopts, re-alleges, and incorporates as if fully restated herein the allegations contained in paragraphs 1 through 43.

47. At all relevant times herein, Plaintiff was over the age of 40.

48. Defendant employs more than four persons.

49. Defendant discriminated against Plaintiff because of her age.

50. Defendant's discrimination amounted to a disparate impact upon plaintiff

51. Plaintiff brings this action under the Age Discrimination in Employment Act, 29 U.S.C § 623 and the Kansas Age Discrimination in Employment Act, K.S.A. 44, Art. 11, subsection 44-1113.

52. Defendant's discriminatory practices were done with malice or with reckless indifference to the federally and state protected rights of plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in her favor for compensatory and punitive damages and any further relief deemed fair and just under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all allegations contained in this Complaint that are so triable.

### DESIGNATION OF LOCATION OF TRIAL

Plaintiff designates Kansas City, Kansas as the location of trial.

Respectfully submitted,

_____
Law Office of Joseph L. Van Ackeren, LLC
Joe L. Van Ackeren    KS Bar #19224
joe.vanackeren@att.net
9279 Ward Parkway, Suite 370
Kansas City, Missouri 64114
Office: (816) 523-4667 ext. 109
Fax: (816) 523-5667