# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUDY HEMPHILL,                )
                              )
            Plaintiff,        )
                              )
vs.                           )   Case No. 10-2580-JAR/KGG
                              )
BEAUTY BRANDS, INC.,          )
                              )
            Defendant.        )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend. (Doc. 23.) Defendant has responded in opposition (Doc. 25) and Plaintiff has replied (Doc. 27). After a careful review of the submissions of the parties, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff, who alleges to suffer from arthritis, filed her original Complaint on October 25, 2010, alleging disability and age discrimination. (Doc. 1.) She contends Defendant refused to provide a reasonable accommodation for her disability and that her employment was terminated from her job as a hair stylist as result of her age and disability. (*Id.*)

The Court entered its Scheduling Order on January 5, 2011.  (Doc. 11.)  Included therein was March 15, 2011, deadline to join additional parties or otherwise amend the pleadings.  (*Id*., at 6.)  Plaintiff filed the present Motion to Amend (Doc. 23) on May 6, 2011 – approximately seven weeks past the deadline.  Plaintiff brings the present motion requesting an Order allowing her to file an Amended Complaint naming her former supervisor, Melanie Fitch, as an individual Defendant.  (Doc. 23.)  Plaintiff contends that testimony elicited from Ms. Fitch during her deposition on April 21, 2011, "demonstrates a conscious disregard and malice towards plaintiff and her federally protected rights" and "support(s) a claim against" Ms. Fitch.  (*Id*., at 4, 7.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.  **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc**., 3 F.3d 1357, 1365 (10th Cir. 1993).  A court is justified in denying a motion to

2

amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).  Leave to allow amendment is, however, within the court's sound discretion.  ***LeaseAmerica Corp. v. Eckel***, 710 F.2d 1470, 1473 (10th Cir. 1983).

In this case, however, the deadline for filing motions to amend passed almost two months before Plaintiff filed the present motion.  (Doc.  11, at 6.) Accordingly, the Court will treat Plaintiff's motion as a motion to amend the Scheduling Order.  *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Amendments to the Scheduling Order are not freely given.  Fed. R. Civ. P. 16(b)(4) provides that the Scheduling Order "may be modified only for good cause shown and with the judge's consent."  To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence.  ***Denmon***, 151 F.R.D. at 407.  Lack of prejudice to the nonmovant does not establish good cause.  ***Deghand v. Wal-Mart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

Plaintiff argues that she illicited the deposition testimony in question from Ms. Fitch on April 21, 2011 – after the deadline to amend had passed.  This explanation for delay is arguably inadequate because it ignores the fact that Plaintiff herself was aware that Ms. Fitch was the person who terminated her employment.  More specifically, Defendant contends "there was nothing new learned at Ms. Fitch's deposition regarding her relationship to the Plaintiff."  (Doc. 25, at 4.)  Thus, it could be argued that Plaintiff was aware of sufficient facts relating to the claims she hopes to bring against Ms. Fitch prior to the expiration of the deadline to amend.  The Court will not, however, reach its determination on this issue.  Instead, the Court will focus on the issue of futility.

In regard to this issue, the Court must determine if the proposed Amended Complaint could withstand a motion to dismiss.  In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (2007). "We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences

4

therefrom in the light most favorable to the plaintiff[ ]." *Dias*, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

\* \* \* \*

In reviewing a motion to dismiss, it is important to note "Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we "generally embraced a liberal construction of [this] pleading requirement," and held "a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings...." Id. However, the Supreme Court has recently "clarified" this standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' " Id. at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).

> On the other hand, we have also held "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " Id. *(quoting Twombly,* 550 U.S. at 556).
> 
> In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

*Phillips v. Bell*, No. 08-1042, 2010 WL 517629, * 3,4 (10th Cir., 2010).  The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. *Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

Defendant argues that the proposed amendment is futile for two reasons – because Plaintiff failed to exhaust her administrative remedies relating to the newly proposed individual Defendant and because that proposed Defendant cannot be sued individually.  (Doc. 25, at 1-3.)  Defendant also contends that Plaintiff's motion is untimely.  (*Id*.)  The Court will examine these arguments in turn.

The exhaustion of available administrative remedies is a jurisdictional prerequisite to bringing a suit in federal court. ***Davidson v. America Online, Inc.***, 337 F.3d 1179, 1183 (10th Cir. 2003). "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" ***Marcus v. Kan. Dep't of Rev.***, 170 F.3d, 1305, 1309 (10th Cir. 1999) (citing ***Penteco Corp. v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991)). Thus, in the present matter, the burden is on the Plaintiff to show that jurisdiction is proper. *Cf.* ***Leo v. Garmin Internat'l***, No. 09-2139-KHV, 2009 WL 3122502, at \*1 (D.Kan. Sept. 24, 2009) (citing ***Jensen v. Johnson Co. Youth Baseball League***, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993)). "Conclusory allegations of jurisdiction are not enough" to establish jurisdiction and, thus, the viability of a proposed amendment. *Id.*

In regard to this issue, Defendant contends that Plaintiff's administrative charges of discrimination did not name Ms. Fitch and Plaintiff did not attempt to file a new charge of discrimination with the EEOC and/or KHRC naming Ms. Fitch prior to bringing the present motion to amend. (*See* Doc. 25, at 3.) Without citing a single case involving a similar set of facts, Plaintiff replies that "it is more than reasonable to conclude that the EEOC's investigation into plaintiff's charge of discrimination would involve interviewing and investigating the very person who

fired plaintiff, Mrs. Fitch." (Doc. 27, at 3.)  Even if this is true, the fact remains that Ms. Fitch would not have had the opportunity to defend these charges at the administrative level.  Further, the converse of this argument infers that it would have been equally reasonable for Plaintiff, who knew she was fired by Ms. Fitch, to bring charges of discrimination against her in a timely manner.  Even so, the Court is more persuaded by Defendant's argument that Plaintiff failed to state a claim against Ms. Fitch.

In its response, Defendant argues that "the statues Plaintiff is suing under exclude individual supervisors from liability; only the employer can be held liable under these statutes." (Doc. 25, at 2.)  Defendant correctly relies on the decision of *Medlock v. Otsuka Pharmaceutical Inc*., for the proposition that corporate employees cannot be held individually liable under the relevant state and federal discrimination statutes relied on by Plaintiff.  No. 07-2013-JPO, 2008 WL 243674, at n.7 (D.Kan. Jan. 29, 2008) (citing *Haynes v. Williams*, 88 F.3d 898, 900 (10th Cir. 1996) (Title VII); *Butler v. City of Prairie Vill., Kan*., 172 F.3d 736, 744 (10th Cir. 1999) (ADEA); *White v. Midwest Office Tech., Inc.*, 979 F.Supp. 1354, 1355-56 (D.Kan. 1997) (KAAD); *Ditch v. Board of County Comm'rs of Shawnee County, Kan.*, 650 F.Supp. 1245, 1252 (D.Kan. 1986) (ADEA); *Long v. City of

*Kan. City, Kan.*, No. 93-2073, 1994 WL 327796, at *4 (D. Kan. June 30, 1994) (KADEA)).

Plaintiff replies that Ms. Fitch will be sued in her "official capacity" rather than her individual capacity. (Doc. 27, at 1, citing ***Butler v. City of Prairie Village, Kansas***, 172 F.3d 736 (10th Cir. 1999)). Plaintiff relies on language from ***Butler*** stating that "suits against individuals must proceed in their official capacity; individual suits are inappropriate." *Id*. Plaintiff's analysis is misplaced as the case she cites relates only to the "official capacity" of individuals employed by *public* employers. Employees of *private* employers – such as the Defendant in this case – do not have an "official capacity." As such, Plaintiff has not stated a viable claim against the proposed individual Defendant and her proposed amendment is futile. As a result, Plaintiff's motion (Doc. 23) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of August, 2011.

      S/ KENNETH G. GALE
      Kenneth G. Gale
      United States Magistrate Judge